Modified.

## In re LAURSEN.

### Patent Appeal No. 3341.

Court of Customs and Patent Appeals.
Dec. 10, 1934.

Morrison, Kennedy & Campbell, of New York City (Luther E. Morrison, of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

On September 25, 1928, the appellant filed an application in the United States Patent Office for a patent upon improvements in vulcanizing method and apparatus. This was a division of an original application, serial No. 166056, filed February 5, 1927, and which parent application is involved in the decision in Re Laursen, 73 F.(2d) 642, 22 C. C. P. A. (Patents) ——, decided concurrently herewith.

The parent application disclosed the broad invention of process and apparatus for vulcanizing by the application of hot water in direct contact with the inside of casings and also disclosed the circulation of the same while vulcanization was proceeding. The Examiner required division as to said last-named subject-matter, and it is that feature of circulating water with which we are now concerned.

The Examiner rejected claims 1 to 6, 9, 10, 11, and 17 to 20, inclusive, which rejection was affirmed by the Board of Appeals. The following references were cited by both tribunals: Dees, 1,109,048, September 1, 1914; Miller, 1,234,065, July 17, 1917; Blaker, 1,500,700, July 8, 1924; Brown, 1,612,565, December 28, 1926; Hutchens et al., 1,625,894, April 26, 1927; Wilhelmi, 1,668,032, May 1, 1928; Minor, 1,757,053, May 6, 1930.

Claims 1 to 6, 19, and 20, were process claims. The remainder are for apparatus.

Claim 1 is typical of claims 1 to 6, inclusive. Claim 9 is typical of claims 9, 10, 11, and 17. Claims 1, 9, 18, 19, and 20 are as follows:

"1. The process of vulcanizing a tire casing, which consists in sealing the green or unvulcanized casing at the beads applying vulcanizing heat to the outside of the casing, and simultaneously flowing continuously through the sealed casing water for direct contact therewith preheated to a vulcanizing temperature as high as that of the outside heating medium."

"9. In an apparatus for vulcanizing tire casings, the combination of an upright mold formed with a suitable cavity to receive the green or unvulcanized casing, a sealing ring adapted to be inserted in the space between the beads to close the interior of the casing and provided with two fluid conducting pipes leading into the sealed casing from outside the mold, one of said pipes being located at the lowest point within the sealed casing, and the other located at the highest point within said casing, and a hot water circulating system having its high pressure line connected to the lower conducting pipe and its low pressure line connected to the upper pipe, whereby the hot water may be circulated continuously through the sealed casing."

"18. In an apparatus for vulcanizing tire casings, the combination of an upright mold formed with a suitable cavity to receive the green or unvulcanized casing, means forming an interior water cavity within the tire and having two fluid conducting pipes leading into said cavity, one pipe being located at the lowest point of the water cavity, and the other located at the highest point of said cavity, a hot water circulating system having its high pressure line connected to the lower conducting pipe and its low pressure line connected to the upper conducting pipe, and an air relief device disposed in the low pressure line at a point between the mold and the water heater.

"19. The process of vulcanizing a tire casing, which consists in building the casing in green or unvulcanized condition and placing it in an upright position in a suitable vulcanizing mold, sealing the interior of the casing at the beads, applying vulcanizing heat to the outside of the casing, and filling the sealed casing with water preheated to substantially the same vulcanizing temperature and under pressure in excess of the temperature pressure by admitting the water into the sealed casing at the lowest point of the tire cavity and by permitting the air in the sealed casing to pass out at the highest point of the tire cavity.

"20. The process of making a tire casing, which consists in building the casing in green or unvulcanized condition and placing it in an upright position in a suitable vulcanizing mold, sealing the interior of the casing at the beads, applying vulcanizing heat to the outside of the casing, filling the sealed casing with water preheated to substantially the same vulcanizing temperature and under pressure in excess of the temperature pressure by admitting the water into the sealed casing at the lowest point of the tire cavity and by permitting the air in the sealed casing to pass out of the highest point of the tire cavity, and after vulcanization withdrawing the water from the sealed casing by draining it from the lowest point of the tire cavity and by admitting air under pressure into the casing at the highest point of the tire cavity."

In the companion case, In re Laursen, supra, we concluded that patentable subject-matter was disclosed in a process for vulcanizing a tire which consisted, substantially, in subjecting the interior of a casing to water of vulcanizing temperature and pressure, while vulcanizing heat and pressure were being applied to the exterior of the casing. Here the question presented is largely whether the continuous circulation of such interior vulcanizing water is also inventive.

The Examiner thus describes the appellant's process and apparatus:

"Fig. 2 discloses a tire casing A positioned within a steam jacketed mold 30. The interior of the tire cavity is sealed against escape of fluid pressure medium, water, admitted within the tire casing by means of a sealing ring 34 located between the beads of the tire casing. The sealing ring is provided with inlet and outlet stems 34 for circulation of the fluid pressure medium, water. The water is supplied to the interior of the tire casing at a temperature of 300° F. and 150 lbs./sq. in.

"Fig. 1 discloses the mold arranged in operative position. The apparatus and process will be described along with the operation of the apparatus. With the parts in the position shown in Fig. 1, the operation is carried out as follows: The three-way valve 38 is first set to close the drain pipe 39 and open up communication between the hot water supply line 41 and the interior cavity of the sealed tire casing, the water entering the latter through the fluid conducting pipe 35 located at the bottom. The water first entering the casing, because of its high temperature, will flash into steam and drive out entrapped air through the fluid conducting pipe 35 at the top, the air escaping to the atmosphere through the automatic air vent valve 50. Upon filling the casing, the water will flow out through the upper conducting pipe 35 and be conducted by the return pipe 48 back to the water heater under the differential pressure created by the centrifugal pump 41ª. In this way, the water is caused to circulate through the closed system thus provided, being heated to and maintained at the desired vulcanizing temperature by the heater 42. Steam is supplied to the heating jacket surrounding the mold so that the casing will be vulcanized from without as well as from within."

The reference patent to Dees discloses a method of applying interior water pressure in vulcanizing a tire, the fluid entering at one side of the casing and venting at the opposite side.

Miller discloses a vulcanizer in which steam is admitted to the interior of a casing, with orifices for entrance and outflow of the same. Brown discloses an apparatus for circulating water for use in vulcanizing, but such circulation is prior to vulcanization, and not during the same. Hutchens et al. discloses a sealing ring. Welhelmi discloses the use of water, not heated, in the interior of the casings in vulcanizing, to create pressure. Minor discloses the circulation of heated inert gases through a bag within a casing, in vulcanizing, with an inlet and outlet for the gases.

The only reference requiring extended notice is Blaker, which is largely relied upon by the tribunals below.

The patent to Blaker discloses a method of vulcanizing objects, such as rubber casings, in which heat is applied to the casing in the mold from the exterior, and by applying heat and pressure to the interior of the casing by means of some expansible fluid. We have discussed this patent in Re Laursen, supra, and a more particular discussion is not here required. The only feature necessary for our attention here is whether Blaker discloses that the fluid which is used in the interior of the casings may be circulated. The Patent Office tribunals are of the opinion that Blaker teaches that a circulation of water may be practiced, and that therefore there is nothing inventive in the disclosure of the appellant here, in his idea that the water used by him in vulcanizing in the interior of the casings shall be circulated continuously to maintain the vulcanizing temperature.

The particular portion of the specification of Blaker, which is relied upon by the Board of Appeals to show a disclosure of a circulating vulcanizing medium, is as follows:

"* * * In order to obtain sufficient internal fluid pressure to expand the tire without such excessive temperature as would prevail in saturated steam at the desired pressure, water at the desired temperature and under such pressure as will expand the tire and prevent the conversion of the water into steam has been used as a heating and distending medium. A disadvantage inheres in such use of water as it has heretofore been practiced, however, in that the water cools in giving up its heat to the core and tire, and as circulation of the water to maintain its temperature is a matter of difficulty and is not completely effective to keep the temperature within the tire sufficiently high and uniform, the heating and expanding of the tire by means of such high-pressure water has not been entirely satisfactory."

This language, it is said by the Board of Appeals, "discloses that it was old to circulate this water."

It is a matter of some difficulty to determine whether the portion of Blaker's specification above quoted discloses that it is old in the art to circulate water through a casing during vulcanizing. The question is close. One thing, however, is apparent, namely, that the patentee Blaker regarded the circulation of water in such process as "not completely effective" and "not entirely satisfactory." His teaching, therefore, is opposed to the use of such circulating water. Blaker's statement does not state that he or any one else has ever used such circulating water, but appears to be, rather, an expression of his opinion that such process, if attempted, would not be "entirely satisfactory."

However, the appellant applicant, irrespective of Blaker's teaching, discloses the method of circulating water and asserts and claims that such process, with his method and apparatus, is entirely satisfactory. The question is close. Doubts, if any exist, should be resolved in appellant's favor. It is our view, therefore, that claims 1 to 6, inclusive, should be allowed.

Process claims 19 and 20 do not include the element of a continuous circulation of water, but rest largely upon the feature of ingress of fluid at one side of the casing and the egress of air at the other. These claims were properly rejected upon the references Dees, Miller, and Minor.

Apparatus claims 9, 10, 11, and 17 are based largely upon the feature of two fluid-conducting pipes, one for ingress and one for egress of the fluid, "whereby the hot water may be circulated continuously through the sealed casing." The reference patent to Dees, and also those to Miller and Minor, disclose a similar structure, and it is not seen how a recital that the structure may be used to circulate hot water adds anything to the patentability of these claims. This is but the recital of a function.

The decision of the Board of Appeals is therefore reversed as to claims 1 to 6, inclusive, and affirmed as to claims 9, 10, 11, 17, 18, 19, and 20.